R

FILED _____     _____ LODGED
RECEIVED _____     _____ COPY

MAR 8 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# SEALED

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>Jesus Leobardo Garibaldi-Lopez,<br><br>        Defendant. | CR-16-00263-PHX-DJH (MHB)<br><br>**INDICTMENT**<br><br>VIO: 21 U.S.C. §§ 959 and 960<br>(Distribution of Marijuana, a<br>Controlled Substance, for<br>Unlawful Importation)<br>(Count 1)<br><br>21 U.S.C. §§ 952 and 960(b)(1)(G)<br>(Importation of Marijuana, a<br>Controlled Substance)<br>(Count 2)<br><br>21 U.S.C. § 846<br>(Conspiracy to Distribute Marijuana,<br>a Controlled Substance)<br>(Count 3)<br><br>21 U.S.C. §§ 841(a)(1) and<br>841(b)(1)(A)(vii)<br>(Distribution of Marijuana, a<br>Controlled Substance)<br>(Count 4)<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Launder Monetary<br>Instruments)<br>(Count 5)<br><br>18 U.S.C. § 2<br>(Aid and Abet)<br>(Counts 1, 2 and 4)<br><br>18 U.S.C. §§ 981 and 982<br>21 U.S.C. § 853 and<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegation |

THE GRAND JURY CHARGES:

1    At all times material to this indictment, within the District of Arizona and
2    elsewhere:

3                                    **COUNT ONE**

4           **Distribution of Marijuana for Purposes of Unlawful Importation**

5           From a date in 2013, the exact date being unknown to the Grand Jury, and
6    continuing to on or about August 7, 2013, in the countries of the United States and the
7    Republic of Mexico, the defendant, JESUS LEOBARDO GARIBALDI-LOPEZ and
8    other persons known and unknown to the Grand Jury, each aiding and abetting the other
9    did knowingly and intentionally distribute and cause the distribution of 1,000 kilograms
10   or more of a mixture or substance containing a detectable amount of marijuana, a
11   Schedule I Controlled Substance, intending and knowing that such marijuana would be
12   unlawfully imported from the Republic of Mexico into the United States, in violation of
13   Title 21, United States Code, Sections 959 and 960, and Title 18, United States Code,
14   Section 2.

15                                   **COUNT TWO**

16                           **Importation of Marijuana**

17          From a date in 2013, the exact date being unknown to the Grand Jury, and
18   continuing to on or about August 7, 2013, in the countries of the United States and the
19   Republic of Mexico, the defendant, JESUS LEOBARDO GARIBALDI-LOPEZ and
20   other persons known and unknown to the Grand Jury, each aiding and abetting the other,
21   did knowingly and intentionally import into the United States from the Republic of
22   Mexico, 1,000 kilograms or more of a mixture and substance containing a detectable
23   amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United
24   States Code, Sections 952 and 960(b)(1)(G), and Title 18, United States Code, Section 2.

25                                  **COUNT THREE**

26      **Conspiracy to Distribute and Cause the Distribution of Marijuana**

27          From a date in 2013, the exact date being unknown to the Grand Jury, and

28

                                        - 2 -

1    continuing to on or about August 7, 2013, in the District of Arizona and elsewhere, the

2    defendant, JESUS LEOBARDO GARIBALDI-LOPEZ, did knowingly and intentionally

3    combine, conspire, confederate, and agree with other persons known and unknown to the

4    Grand Jury, to commit distribution of a substance containing 1,000 kilograms or more of

5    a mixture and substance containing a detectable amount of marijuana, a Schedule I

6    Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

7    841(b)(1)(A)(vii).

8         All in violation of Title 21, United States Code, Section 846.

9                                         **COUNT FOUR**

10                 **Possession with Intent to Distribute Marijuana**

11        From a date in 2013, the exact date being unknown to the Grand Jury, and

12   continuing to on or about August 7, 2013, in the District of Arizona and elsewhere, the

13   defendant, JESUS LEOBARDO GARIBALDI-LOPEZ and other persons known and

14   unknown to the Grand Jury, each aiding and abetting the other, did knowingly and

15   intentionally possess with intent to distribute, and did distribute, 1,000 kilograms or more

16   of a mixture and substance containing a detectable amount of marijuana, a Schedule I

17   controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

18   841(b)(1)(A)(vii), and Title 18, United States Code, Section 2.

19                                         **COUNT FIVE**

20                           **Money Laundering Conspiracy**

21        From a date in 2013, the exact date being unknown to the Grand Jury, and

22   continuing to on or about August 7, 2013, in the District of Arizona and elsewhere, the

23   defendant, JESUS LEOBARDO GARIBALDI-LOPEZ and other persons known and

24   unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree

25   together, to knowingly conduct and attempt to conduct financial transactions affecting

26   interstate and foreign commerce, which in fact involved the proceeds of specified

27   unlawful activity, that is, conspiracy to possess with intent to distribute marijuana and

28

import marijuana in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959, 960, and 963,  with the intent to promote the carrying on of said specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and to avoid a transaction reporting requirement under state or federal law, and while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

### Controlled Substances Act Violation

Upon conviction of the offenses in violation of Title 21, United States Code, set forth in Counts One through Four, the defendant shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

(1)  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations;

(2)  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

(3)  a money judgment representing unlawful proceeds in the amount of $6,500,000.00.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

- 4 -

1   (5)  has been commingled with other property which cannot be subdivided
2   without difficulty,

3   it is the intent of the United States, pursuant to Title 21, United States Code,
4   Section 853(p), to seek forfeiture of any other property of said defendant up to the value
5   of the above forfeitable property.

6   <u>**Money Laundering Violation**</u>

7   The Grand Jury realleges and incorporates the allegation of Count Five of this
8   Indictment, which is incorporated by reference as though fully set forth herein.

9   Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United
10  States Code, Section 853 and Title 28, United States Code, Section 2461(c) and upon
11  conviction of the offense alleged in Count Five of this Indictment, the defendant so
12  convicted shall forfeit to the United States all right, title, and interest in any and all
13  property, real or personal, involved in such offenses, or any property traceable to such
14  property involved in each offense, or conspiracy to commit such offense, including the
15  following:  (a) all money or other property that was the subject of each transaction,
16  transportation, transmission or transfer in violation of a statute listed in Title 18, United
17  States Code, Section 982, (b) all other property constituting proceeds obtained as a result
18  of those violations, and (c) all property used in any manner or part  to commit or to
19  facilitate the commission of the violation including, but not limited to the sum of money
20  representing the amount of money involved in the offense(s).

21  If any of the above-described forfeitable property, as a result of any act or
22  omission of the defendant:

23  (1) cannot be located upon the exercise of due diligence,

24  (2) has been transferred or sold to, or deposited with, a third party,

25  (3) has been placed beyond the jurisdiction of the court,

26  (4) has been substantially diminished in value, or

27
28

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to Title 21 United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21 United States Code, Section 853, Title 28, United States Code, Section 2461(c) and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S
FOREPERSON OF THE GRAND JURY
Date:  March 8, 2016

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S
GLENN B. McCORMICK
Assistant U.S. Attorney

- 6 -